# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CHARLES CHAPMAN,                    Case No. 1:13-cv-652
      Plaintiff,

                                           Barrett, J.
      vs.                            Litkovitz, M.J.

STEVEN LAWSON, *et al.*,           **REPORT AND**
      Defendants.              **RECOMMENDATION**

Plaintiff, an inmate at the North Central Correctional Institution, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by defendants Agent Steven Lawson of the Cincinnati Police Department, unnamed agents of the Hamilton County Regional Narcotics Unit and Organized Crime Division, Hamilton County, and the City of Cincinnati (the Governmental Defendants). (Doc. 3). Plaintiff also raises federal statutory and Ohio state law tort claims against Sprint Spectrum L.P./Spring Inc./Nextel West Corporation (Sprint Nextel). (*Id.*).[1] Plaintiff alleges that the Governmental Defendants violated his First, Fourth, Fifth, Ninth, and Fourteenth Amendment rights by, without probable cause, maintaining public record databases of his oral and electronic communications; using electronic tracking to monitor his location; intercepting his text messages; and arresting him without a warrant. (*Id.* at 4-5). Plaintiff further alleges that Sprint Nextel and the Governmental Defendants are liable for "false arrest, wrongful imprisonment, invasion of privacy, unlawful seizure, malicious prosecution, abuse of process, prima facie tort, conspiracy tort, negligence and gross negligence under the laws of the United States and the State of Ohio. . . ." (*Id.* at 7). Plaintiff further alleges

---

[1] Plaintiff's complaint also names as defendants a Hamilton County Court of Common Pleas Judge, the Police Chief for the City of Cincinnati, and the Sheriff and several prosecutors of Hamilton County. (Doc. 3). Further, the complaint alleged claims under 42 U.S.C. §§ 1985 and 1988. These defendants and claims have been dismissed pursuant to the Court's review of the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (Docs. 4, 10).

that defendants violated various congressional acts, including the Stored Communications Act

(SCA), 18 U.S.C. §§ 2701-12 *et seq.*, the Electronic Communication Privacy Act (ECPA), 18

U.S.C. § 2510 *et seq.*, and the Title III Omnibus Crime Control and Safe Streets Act of 1968 (the

Omnibus Act), 18 U.S.C. §§ 2510 *et seq.* (*Id.*). Plaintiff seeks declaratory relief and

compensatory and punitive damages. (*Id.* at 8). This matter is before the Court on: (1) Hamilton

County and the unnamed agents' (the County Defendants) Fed. R. Civ. P. 12(b)(6) motion to

dismiss (Doc. 20), plaintiff's response in opposition (Doc. 38), the County Defendants' reply

memorandum (Doc. 41), and plaintiff's sur-reply (Doc. 43); (2) Sprint's Fed. R. Civ. P. 12(b)(2)

and 12(b)(5) motion to dismiss (Doc. 21), plaintiff's response in opposition (Doc. 37), Sprint

Nextel's reply memorandum (Doc. 40), and plaintiff's sur-reply (Doc. 42); and (3) Agent

Lawson and the City of Cincinnati's (the City Defendants) Fed. R. Civ. P. 12(b)(6) motion to

dismiss (Doc. 25) and plaintiff's response in opposition (Doc. 39).[2]

## I.  Standards of Law

### A. Federal Rule of Civil Procedure 12(b)(2)

Where a defendant has moved to dismiss a case under Rule 12(b)(2) for lack of personal

jurisdiction and the district court rules on the motion without an evidentiary hearing, the plaintiff

need only make a "prima facie" showing that the court has personal jurisdiction. *Conn v.

Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (citing *Kroger Co. v. Malease Foods Corp.*, 437

F.3d 506, 510 (6th Cir. 2006)). The court considers the pleadings in the light most favorable to

the plaintiff and does not weigh the disputed facts, although the court may consider the

defendant's undisputed factual assertions. *Id.* (citing *Kerry Steel, Inc. v. Paragon Indus., Inc.*,

---

[2]The Court notes that plaintiff has not sought leave to file his sur-reply memoranda as required by the
Local Rules. *See* S.D. Ohio Civ. R. 7.2(a)(2) (sur-replies are not permitted "except upon leave of court for good
cause shown."). However, taking into account plaintiff's status as a pro se litigant, the Court will exercise its
discretion and consider plaintiff's additional filings.

106 F.3d 147, 153 (6th Cir. 1997); *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1261-62 (6th Cir. 1996)).

      Where the district court's subject matter jurisdiction stems from the existence of a federal question, the plaintiff must satisfy the state law requirements for personal jurisdiction. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). Under Ohio law, personal jurisdiction over non-resident defendants exists only if: (1) Ohio's long-arm statute confers jurisdiction, *and* (2) the requirements of the federal due process clause are met. *Schneider*, 669 F.3d at 699; *Conn*, 667 F.3d at 712 (citing *Kauffman Racing Equip., L.L.C. v. Roberts,* 930 N.E.2d 784, 790 (Ohio 2010); *Goldstein v. Christiansen,* 638 N.E.2d 541, 543 (Ohio 1994)).

      Ohio's long-arm statute grants the court personal jurisdiction over a non-resident if his conduct falls within one of the nine bases for jurisdiction listed under the statute.[3] *See* Ohio Rev. Code § 2307.382(A). The federal due process clause requires that the defendant have sufficient "minimum contact[s]" with the forum state such that a finding of personal jurisdiction does not "offend traditional notions of fair play and substantial justice." *Conn*, 667 F.3d at 712 (citing *Third Nat'l Bank v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989) (quoting *Int'l*

---

[3]Section § 2307.382(A) states:

"A Court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury . . . by an act or omission outside this state . . . ;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state . . .;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons . . . ;

(7) Causing tortious injury to any person by a criminal act ...;

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting."

3

*Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Two types of personal jurisdiction exist under the due process clause: general jurisdiction, when the suit does not arise from defendant's contacts with the forum state; and specific jurisdiction, where the suit does arise from the defendant's contacts with the forum state. *Id.* at 712-13 (citing *Third Nat'l Bank*, 882 F.2d at 1089) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 & n. 15 (1985)). A non-resident defendant may be subject to the general jurisdiction of the forum state only where his contacts with that state are "continuous and systematic." *Id.* at 713 (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 & n. 9 (1984)). A finding of specific jurisdiction requires that three elements be satisfied:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* (citing *Bird*, 289 F.3d at 874) (quoting *S. Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

    B. Federal Rule of Civil Procedure 12(b)(5)

    Rule 12(b)(5) provides that an action may be dismissed for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Generally, the plaintiff bears "the burden of establishing [the service's] validity." *Metro. Aloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp.2d 561, 563 (E.D. Mich. 2006). Courts may look to "record evidence" and "uncontroverted affidavits" in determining whether plaintiffs have met this burden. *Id.*

    C. Federal Rule of Civil Procedure 12(b)(6)

    Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss pursuant

4

to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974). *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal for failure to state a claim for relief, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Although plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (citations omitted). Plaintiff's factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal

evidence to support the claim. *Twombly,* 550 U.S. at 556. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . .  [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Finally, the Court must "scrutinize with special care" a motion to dismiss a complaint filed under a civil rights statute." *See Perry v. McGinnis*, 209 F.3d 597, 603 (6th Cir. 2000) (citing *Brooks v. Seiter*, 779 F.2d 1177, 1180 (6th Cir. 1985)). With these principles in mind, the Court reviews plaintiff's complaint.

## II. Factual Allegations

Agent Lawson was the lead investigator of an investigation into drug trafficking activities involving plaintiff. (Doc. 3, ¶¶ 5, 14). Pursuant to this investigation, Agent Lawson and the Governmental Defendants obtained two interception warrants for text messages, phone call conversations, and subscriber information. (*Id.,* ¶¶ 14(a)-(i), Exhs. B, C). Plaintiff alleges that the interception warrants were based in part on information gathered "absent probable cause" from Global Positioning Systems (GPS) information, electronic tracking information, and stored records and communications from plaintiff's mobile phone. (*Id.*). As best the Court can discern, plaintiff appears to allege that the Governmental Defendants unlawfully obtained this information from Sprint Nextel because the warrants were issued on November 7, 2011, but the supporting affidavit of Agent Lawson was subscribed and sworn the day after – on November 8, 2011. (*Id.,* Exhs. A-C). Plaintiff alleges that the affidavits for the warrants lacked probable cause, the warrants were therefore unlawfully obtained and, thus, his subsequent arrest was unlawful. (*Id.,* ¶¶ 14 (j)-(l)). Plaintiff further alleges that Sprint Nextel is liable in tort for its

6

negligent or intentional act of giving information related to his mobile phone to the Governmental Defendants in the absence of a warrant. (*Id.*, ¶¶ 20-21).

Plaintiff pleaded guilty to two counts of trafficking in drugs on July 18, 2012, and was sentenced to five years imprisonment. *See State of Ohio v. Charles Chapman*, Case No. B1108223-B (Hamilton County Court of Common Pleas).[4]  Plaintiff is presently serving his sentence at the North Central Correctional Institution.

### III. Resolution

A. <u>The County Defendant's Motion to Dismiss (Doc. 20)</u>.

The County Defendants move to dismiss plaintiff's complaint under under Fed. R. Civ. P. 12(b)(6), asserting that plaintiff has failed to state a claim against them for which relief can be granted.   The County Defendants argue that dismissal is appropriate because until plaintiff's conviction or sentence has been set aside, his § 1983 claims related thereto are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  The County Defendants further argue that plaintiff's claims against Hamilton County must be dismissed under *Monell v. Dep't of Soc. Srvs.*, 436 U.S. 658 (1978), because plaintiff has failed to allege facts sufficient to establish that the County is liable due to an unlawful custom, practice, or policy.  Even assuming for argument's sake that plaintiff has properly alleged a municipal liability claim, the County Defendants assert that Hamilton County is not properly named as a defendant because such claims must "identify a county official or entity responsible for establishing the policy." *Clevenger v. Raker*, No. 1:12-cv-432,

---

[4]The Court may consider documents integral to or attached to the pleadings when ruling on a Rule 12 motion to dismiss without converting the motion to one for summary judgment. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).  In addition, the Court may examine public documents without converting the motion into one for summary judgment. *Wyser-Pratte Mgmt. Co. Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005) (citing *Kostrzewa v. City of Troy*, 347 F.3d 633, 644 (6th Cir. 2001)).  The Court "may take judicial notice of proceedings in other courts of record. . . ." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)).

2012 WL 5385607, at *3 (S.D. Ohio Nov. 1, 2012). Therefore, to the extent plaintiff's complaint seeks to state a claim for municipal liability against Hamilton County, the County Defendants assert the proper defendant is the County Sheriff; however, the Court has already dismissed plaintiff's claims against the Sheriff of Hamilton County pursuant to its *sua sponte* review of plaintiff's complaint. The County Defendants also assert that plaintiff's claims against the Hamilton County Regional Narcotics Unit and Organized Crime Division (RENU) must be dismissed because RENU is not an entity capable of being sued. Insofar as plaintiff seeks to raise claims against individuals working with RENU, the County Defendants contend that any such claims are properly raised against the employees of the law enforcement agencies comprising RENU, *i.e.*, Cincinnati Police Officers or Hamilton County Sheriff's Deputies, and not RENU itself. Here, as the affidavit at issue was signed by a City of Cincinnati employee – Agent Lawson – the County Defendants argue that plaintiff's complaint fails to state claims against individual Hamilton County employees. Lastly, the County Defendants argue that any individual Hamilton County employees involved in the investigation of plaintiff or execution of the interception warrants are protected from plaintiff's claims under *U.S. v. Leon*, 468 U.S. 897 (1984), because the investigation into and search and seizure of plaintiff were undertaken pursuant to valid warrants. (Doc. 20).

Plaintiff responds in opposition that his claims are not barred by *Heck* because he is "seeking civil monetary damages for [d]efendant[s'] unlawful collection of" information from his mobile phone under the ECPA, SCA, and the Omnibus Act. Plaintiff therefore maintains that success on his causes of action will not necessarily invalidate his conviction. Plaintiff's response also contains his theories that the defendants in this matter have greater access to electronic information and metadata than the federal government and that such access is in violation of

these statutes.  (Doc. 38).  For the reasons that follow, plaintiff's claims against the County
Defendants should be dismissed.

Plaintiff's complaint fails to state a claim for relief against the County Defendants under
§ 1983.  Plaintiff's § 1983 claims rely entirely on his allegations that the affidavit underlying the
interception warrants contained unlawfully obtained information.  Plaintiff's assertion is
essentially a "fruit of the poisonous tree" argument insofar as he maintains that the warrants
lacked probable cause and, consequently, the electronic information obtained pursuant to the
warrants was unlawfully acquired by the County Defendants and unlawfully provided by Sprint
Nextel.

Given the nature of plaintiff's claims, any ruling in his favor on these claims would
necessarily involve a determination that the warrant underlying his arrest was unlawful and,
further, that the evidence used in connection with his conviction was illegally obtained.
Accordingly, plaintiff's allegations fail to state a claim for relief because a ruling in his favor
would necessarily cast doubt on the validity of his conviction and sentence in the Hamilton
County Common Pleas Court for drug trafficking.  *See Heck*, 512 U.S. 477, 487; *Cummings v.
City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86
(6th Cir. 1995).

In *Heck*, the Supreme Court ruled that a § 1983 civil rights action seeking money
damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless
the plaintiff has already succeeded in having the conviction or sentence invalidated.  *Heck*, 512
U.S. at 486-87.  Under *Heck*, when a successful § 1983 civil rights action for damages would
necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be
dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has

9

been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such a determination, or called into question by a federal court's issuance of

a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *see also Edwards v.*

*Balisok*, 520 U.S. 641, 643 (1997).

      In contrast, where "the plaintiff's action, even if successful, will *not* demonstrate the

invalidity of any outstanding criminal judgment against the plaintiff, the action should be

allowed to proceed. . . ." *Heck*, 512 U.S. at 487. In illustrating such an action, the *Heck* Court

explained:

> For example, a suit for damages attributable to an allegedly unreasonable search
> may lie even if the challenged search produced evidence that was introduced in a
> state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction.
> Because of doctrines like independent source and inevitable discovery, and
> especially harmless error, such a § 1983 action, even if successful, would not
> *necessarily* imply that the plaintiff's conviction was unlawful. In order to recover
> compensatory damages, however, the § 1983 plaintiff must prove not only that the
> search was unlawful, but that it caused him actual, compensable injury, which, we
> hold today, does *not* encompass the "injury" of being convicted and imprisoned
> (until his conviction has been overturned).

*Id.* at 487, n.7 (emphasis in original) (internal citations omitted). Some courts have construed

this footnote as creating an exception to *Heck*'s requirement that a criminal conviction be

invalidated before its constitutionality can be challenged under § 1983. *See Beck v. City of*

*Muskogee Police Dep't*, 195 F.3d 553, 558, n.3 (10 Cir. 1999); *Copus v. City of Edgerton*, 151

F.3d 646, 648-49 (7th Cir. 1998). However, the Sixth Circuit has "emphatically rejected" this

interpretation in *Schilling*, 58 F.3d at 1086. *See Bell v. Raby*, No. 99-72917, 2000 WL 356354,

at *6 (E.D. Mich. Feb. 28, 2000).

      In *Schilling*, police officers responded to an accident scene involving the plaintiff's car

and discovered drugs in the car. Plaintiff was charged with driving under the influence and

subsequently pleaded guilty to driving under the influence. Plaintiff later brought a § 1983 suit

for money damages against the officers for violating his Fourth Amendment rights based on the

allegedly illegal search of his car. *Id.* at 1082-83. The District Court dismissed the § 1983

claims because the plaintiff's guilty plea and conviction had not been overturned. *Id.* The Sixth

Circuit affirmed, reasoning as follows:

> The fact that a Fourth Amendment violation may not necessarily *cause* an illegal
> conviction does not lessen the requirement that a plaintiff show that a conviction
> was invalid as an element of *constitutional injury.* The Court explicitly
> foreclosed this line of reasoning in *Heck*, when it concluded that because an
> illegal seizure does not automatically render a conviction invalid, an illegal
> seizure does not alone create a[n] injury compensable under § 1983. . . . [Footnote
> 7] of *Heck* plainly refutes the argument that Fourth Amendment claims are
> exempted from the requirement that a conviction must be set aside as a
> precondition for this type of § 1983 suit.

*Schilling* , 58 F.3d at 1086 (emphasis in original) (internal citations and quotations omitted).

Therefore, the Sixth Circuit concluded that "no cause of action exists until [the plaintiff's]

conviction is legally eliminated. . . ." *Id.* at 1087.

    *Heck* requires the same result here. It is clear from the face of the complaint that

plaintiff's conviction and sentence have not been overturned or invalidated in accordance with

*Heck* and *Schilling* and therefore plaintiff has not alleged an element of his constitutional claim.

In addition, a successful challenge against defendants for their role in obtaining information and

warrants leading to plaintiff's arrest, prosecution, and criminal conviction for drug trafficking

would necessarily imply the invalidity of plaintiff's 2012 conviction and sentence. Therefore,

plaintiff's claims for damages are barred by *Heck*. *But see Brindley v. Best*, 192 F.3d 525, 530-

31 (6th Cir. 1999) (finding that § 1983 claim alleging unlawful seizure was not barred by *Heck*

because "the items which the plaintiffs in [*Brindley*] claim were illegally seized were never the

subject of criminal charges."). Moreover, plaintiff's complaint demonstrates that he is in fact

challenging the lawfulness of his conviction and sentence. *See* Doc. 3, ¶ 30 (plaintiff alleges that

the acts and conduct of defendants constitute malicious prosecution and wrongful imprisonment). *Heck* does not permit plaintiff's claims so long as his conviction remains valid. Therefore, to the extent that plaintiff seeks to bring a cause of action under § 1983 attacking the validity of the searches and seizures of electronic information leading to his arrest or the constitutionality of his conviction, he has not stated a § 1983 claim upon which relief may be granted by this Court.

Plaintiff's complaint also fails to state claims for relief under the SCA, ECPA, or the Omnibus Act. The SCA "permits a 'governmental entity' to compel a service provider to disclose the contents of [electronic] communications in certain circumstances." *Warshak v. U.S.*, 532 F.3d 521, 523 (6th Cir. 2008). One such circumstance is when the government has obtained a warrant. *See* 18 U.S.C. § 2703(a), (b). *See also Guest v. Leis*, 255 F.3d 325, 339-40 (6th Cir. 2001) ("There is no violation of § 2703(a), (b), or (c) if access [to electronic communications] is pursuant to a warrant. . . ."). Here, Sprint Nextel disclosed the electronic communications at issue to the County Defendants (and the other defendants) pursuant to warrants. Consequently, plaintiff's claim that the disclosure of this information was in violation of the SCA lacks merit and should be dismissed.

To the extent plaintiff alleges that defendants unlawfully obtained his cell phone subscriber information, account information, and electronic tracking information "absent probable cause, authorization, or warrant in violation of the SCA" (Doc. 3, ¶ 14), the complaint alleges legal conclusions that are insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 555. Moreover, plaintiff ignores the partial affidavit attached to the complaint, upon which plaintiff relies for his other claims, which alleges that such electronic information was obtained "[p]ursuant to a court order. . . ." (Doc. 3, Ex. A, ¶ 25). Plaintiff's allegations are insufficient to state a claim for relief under the SCA.

12

The ECPA contains a similar provision and provides that a "good faith reliance on . . . a court warrant or order . . . is a complete defense against any civil or criminal action brought under this chapter or any other law." 18 U.S.C. § 2520(d). Because the defendants in this case obtained and disclosed the electronic information at issue pursuant to court warrants and orders, they have an absolute defense against plaintiff's ECPA claim. *Id*. Therefore, plaintiff's ECPA claims against the County Defendants should be dismissed.

Likewise, plaintiff's Omnibus Act claims should be dismissed because the County Defendants obtained the electronic information that resulted in plaintiff's arrest and conviction pursuant to warrants. The Omnibus Act permits law enforcement agents to obtain wiretap authorization pursuant to a warrant that identifies the person whose communications are to be intercepted. *See U.S. v. Kahn*, 415 U.S. 143, 162 (1974). "The general rule of the [Omnibus] Act is that Government surveillance and/or wiretapping is permitted only upon the showing of probable cause and the issuance of a warrant." *U.S. v. Sinclair*, 321 F. Supp. 1074, 1077 (E.D. Mich. 1971). The warrants issued pursuant to Agent Lawson's affidavit explicitly identify plaintiff as an individual from whom communications were to be intercepted. *See* Doc. 3, Exhs. A-C. As the County Defendants acted pursuant to a warrant in obtaining electronic information from Sprint Nextel which led to plaintiff's arrest and conviction, plaintiff fails to state a claim against the County Defendants for violations of the Omnibus Act and his claims should be dismissed.

To the extent plaintiff argues that his allegations that defendants are engaged in unauthorized monitoring of the citizenry's public records, the undersigned finds that these claims lack plausibility. Plaintiff argues that Agent Lawson's affidavit establishes that the defendants are engaged in covert monitoring. Plaintiff's speculative interpretation of the affidavit is

insufficient to state a claim for relief. The affidavit provides that Agent Lawson made "[a] query of public records and law enforcement data bases" and determined that a mobile phone number involved in drug trafficking belonged to plaintiff. *See* Doc. 3, Ex. A. Plaintiff argues that the phone he was using – the phone identified by Agent Lawson in the affidavit – had no associated subscriber information and, consequently, the only way Agent Lawson could have uncovered that it belonged to plaintiff was through the use of illegal monitoring. *See* Doc. 38 at 2. Plaintiff's arguments are speculative and, aside from his self-serving affidavit, lack supporting factual allegations such that they are implausible. *See Iqbal*, 556 U.S. at 679 (courts are to draw on their judicial experience and common sense in assessing the plausibility of claims). In any event, even if the Court found plaintiff's claims plausible, they remain barred by *Heck* as his assertions that Agent Lawson and the other defendants acted unlawfully in obtaining the information leading to his arrest would necessarily call into question the validity of his arrest and conviction.

Finally, plaintiff's municipal liability claim alleges that Hamilton County has a custom, practice, or policy of allowing its employees to obtain private information in violation of constitutional and federal law. This claim also fails because plaintiff's conclusory allegations lack the factual content to allow the Court to reasonably infer that the County violated his rights and, in any event, a ruling in his favor would cast doubt on the legality of his conviction. Accordingly, plaintiff's § 1983 claims against the County Defendants should be dismissed.

The undersigned further recommends that, pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966), the Court decline to exercise its jurisdiction over plaintiff's pendent state law tort claims. *See id.* at 726 ("if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."). *See also Hankins v. The Gap, Inc.*, 84 F.3d 797, 802-03

(6th Cir. 1996) (courts should decline to exercise supplemental jurisdiction over state law claims where all federal claims have been dismissed before trial and the parties are non-diverse).

For the above reasons, the undersigned recommends that the County Defendants' motion to dismiss (Doc. 20) be **GRANTED**.

B. The City Defendants' Motion to Dismiss (Doc. 25).

The City Defendants also move under Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's complaint. (Doc. 25). The City Defendants join the County Defendants in their assertion that plaintiff's § 1983 claims for monetary damages are barred by *Heck* until his convictions are reversed. Agent Lawson further contends that he is entitled to qualified immunity from plaintiff's claims against him because his alleged conduct was performed within the scope of his employment; there was no violation of plaintiff's constitutional rights as his arrest was supported by probable cause; and his investigation into plaintiff's drug trafficking activity did not violate any clearly established law. The City of Cincinnati separately argues that plaintiff's § 1983 municipal liability claims against it must be dismissed because plaintiff has failed to establish a constitutional violation or the existence of an illegal custom or policy. (Doc. 25).

Plaintiff's memorandum in opposition largely reiterates the arguments he raised in opposition to the County Defendants' motion to dismiss. However, plaintiff presents a new argument in support of his SCA claim – that Agent Lawson's affidavit includes references to text messages that were less than 180 days old which, absent a warrant, constitutes a violation of the SCA. Plaintiff further argues that his claims under the Omnibus Act are viable given his allegations that the interception warrants were procured the day before Agent Lawson's affidavit was sworn; consequently, the electronic information obtained by the City Defendants was gathered in the absence of a warrant.

15

Plaintiff's complaint raises two distinct types of claims: (1) § 1983 constitutional violation and municipal liability claims; and (2) claims raised under SCA, ECPA, and the Omnibus Act. Plaintiff's § 1983 claims allege that the County and City Defendants are liable for violations of his First, Fourth, Fifth, and Fourteenth Amendment constitutional rights because they engaged in unlawful conduct in obtaining the electronic information resulting in his arrest and conviction. *See* Doc. 3, ¶ 25. Any finding in plaintiff's favor on these claims would require a concomitant determination that his arrest and conviction are unlawful. Accordingly, *Heck* mandates that plaintiff's claims be dismissed until such time as he can establish that his state court convictions have been set aside. *Heck*, 512 U.S. at 486-87; *Schilling*, 58 F.3d at 1085-86.

The Court also finds that plaintiff's SCA, ECPA, and Omnibus Act claims against the City Defendants are also subject to dismissal for the reasons set forth above in connection with the County Defendants' motion to dismiss. Plaintiff asserts that the SCA claim should survive a motion to dismiss given his allegations that Agent Lawson violated the SCA by obtaining plaintiff's text message communications before the interception warrants were issued. (Doc. 39 at 3, citing Doc. 3, Ex. A). Review of Agent Lawson's affidavit in support of the interception warrants for plaintiff's mobile phone reveals that the text message communications at issue involve plaintiff's communications with an individual identified as Charlie Bennett. (Doc. 3, Ex. A at 1-3). Plaintiff has attached only a portion of Agent Lawson's affidavit and speculates that the text messages that were less than 180 days old were obtained without a warrant in violation of the SCA. Plaintiff fails to allege any factual basis for this allegation and from the context of the portions of the affidavit plaintiff supplied it appears that the text message communications obtained by Agent Lawson were obtained pursuant to a warrant issued in relation to the investigation of Mr. Bennett. *See id.* at 1, 3 (" . . . made efforts to identify individuals that the

16

Bennett phone had contact with. . . .  Analysis of the text messages between Bennett cellular phone [ ] and Chapman cellular phone [ ] indicated that Bennett and Chapman utilized text messaging to communicate about drug trafficking activity. . . .  The arrest of Charlie Bennett failed to develop additional investigative leads [in the] investigation involving the Charlie Chapman organization.").    As stated above, there is no violation of the SCA where electronic information is obtained from service providers pursuant to a warrant. *See* 18 U.S.C. § 2703(a), (b). *See also Guest*, 255 F.3d at 339-40.  In any event, plaintiff's speculative assertion that there was no warrant is without a factual basis to state a plausible claim for relief.

Plaintiff also asserts that Agent Lawson's violation of the Omnibus Act "is evidenced by the issuance of the interception warrant on November 7, 2012 (sic) [24 hours] prior to [Agent Lawson's a]ffidavit being subscribed and sworn to on November 8, 2012." (Doc. 39 at 6, citing Doc. 3, Exhs. A-C).  Plaintiff is correct that the typewritten date identified on the warrants is November 7, 2011, whereas the affidavit was signed and sworn on November 8, 2011. *See* Doc. 3, Exhs. A-C.  However, this distinction does not support a finding that the warrants lack probable cause or that the defendants unlawfully obtained the electronic information at issue. Notably, the date lines on the interception warrants are typed in contrast to the handwritten date on the affidavit. *See id.*  It is reasonable to conclude that while the warrants were typed on November 7, 2011, they were not executed until the following day – the same day the affidavit was signed and sworn by Agent Lawson in front of Judge Helmich.  This conclusion is further supported by the fact that the affidavit was signed and sworn at 11:10 a.m., and the interception warrants were signed at 11:12 a.m. and 11:13 a.m., respectively. *See id.*  This interpretation of plaintiff's exhibits, based on the undersigned's "judicial experience and common sense" in the way criminal search warrants are executed, *Iqbal*, 556 U.S. at 679, supports a finding that the

electronic information was lawfully obtained by defendants pursuant to a warrant and, consequently, plaintiff's Omnibus Act claim fails. Even assuming that plaintiff is correct, his Omnibus Act claim still fails because the warrants were not executable until 3:00 p.m. on November 8, 2011, after the affidavit had been sworn and signed. *See* Doc. 3, Ex. B, ¶¶ 11, 13; Doc. 3, Ex. C, ¶¶ 11, 13. Accordingly, the electronic information acquired from Sprint Nextel by the City Defendants was lawfully obtained pursuant to a warrant. *See Kahn*, 415 U.S. at 162. For these reasons and those stated above in connection with the County Defendants' motion to dismiss, plaintiff's SCA, ECPA, and Omnibus Act claims against the City Defendants should be dismissed.

The undersigned further recommends that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims against the City Defendants. *See United Mine Workers*, 383 U.S. at 726; *Hankins*, 84 F.3d at 802-03.

For the above reasons, the undersigned recommends that the City Defendants' motion to dismiss (Doc. 25) be **GRANTED**.

C. Sprint Nextel's Motion to Dismiss (Doc. 21).

Sprint Nextel brings its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5). Sprint Nextel moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. Sprint Nextel maintains that plaintiff improperly named "Sprint Spectrum L.P./Sprint Inc./Nextel West Corporation" as a defendant in his complaint; however, plaintiff did not attempt to serve Sprint Spectrum L.P. with the complaint. Rather, plaintiff attempted to serve process on "Sprint Nextel West Corporation." Sprint Nextel asserts that Sprint Nextel West Corporation and Sprint Spectrum L.P. are non-existent entities that have no legal capacity to be sued and, accordingly, plaintiff cannot effect service on either. Sprint

Nextel also moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Specifically, Sprint Nextel asserts that it should be dismissed because is not a proper defendant in this case as "Sprint Nextel Corporation," the entity plaintiff attempted to serve, is merely a holding company with no contacts in Ohio. Sprint Nextel therefore maintains that plaintiff's claims against it should be dismissed for lack of personal jurisdiction. (Doc. 21).

In his response in opposition, plaintiff concedes that he named several Sprint conglomerates "out of futility" and due to his limited access to information. However, plaintiff contends that his failure to name the proper Sprint entity as a defendant does not warrant dismissal of his claims under Fed. R. Civ. P. 12(b)(5) because he can properly effect service and requests additional time to do so. Plaintiff also maintains that Sprint Nextel's motion to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction is without merit as Sprint Nextel, the entity he intended to serve, has sufficient contacts in the State of Ohio as a provider of cellular and remote services to establish personal jurisdiction. Plaintiff also disputes Sprint Nextel's assertion that "Sprint Nextel Corporation" is merely a holding company, noting that it was the entity named in the interception warrants.[5] (Doc. 37).

A determination as to whether personal jurisdiction exists over Sprint Nextel is properly made in this case without an evidentiary hearing because the essential facts underlying the issue of personal jurisdiction are not disputed. *See Conti v. Pneumatic Products Corp.*, 977 F.2d 978,

---

[5]Plaintiff also cites to "*Datascape, Inc. v. Sprint Nextel Corp.*, 2008 U.S. Dist. LEXIS 124238" to support his contention that "Sprint Nextel" is not just a holding company. *See* Doc. 37 at 4. However, the court in *Datascape* found that it did not have personal jurisdiction over defendant Sprint Nextel Corporation and granted its Fed. R. Civ. P. 12(b)(2) motion to dismiss. *See Datascape, Inc. v. Sprint Nextel Corp.*, No. 1:07-cv-640, 2008 U.S. Dist. LEXIS 124238, at *23 (N.D. Ga. Sept. 29, 2008). The district court found that while evidence from Sprint Nextel's website suggested that it was more than a holding company, this was not enough to justify exercising personal jurisdiction over it because "a company's mere operation of a commercially interactive website is not by itself an adequate basis for the exercise of personal jurisdiction anywhere the site can be viewed." *Id.*, at *18-19 (citing cases).

980 (6th Cir. 1992). Accordingly, plaintiff need only make a prima facie showing of personal jurisdiction over Sprint Nextel.

To demonstrate personal jurisdiction exists over Sprint Nextel, plaintiff relies on subsection (A)(1) of Ohio's long-arm statute, which provides that the Court may exercise personal jurisdiction over "a person who acts directly or by an agent, as to a cause of action arising from the person's . . . [t]ransacting any business in this state. . . ." Ohio Rev. Code § 2307.382(A)(1). Plaintiff asserts that Sprint Nextel transacted business in the State of Ohio by furnishing records to the County and City Defendants and by requesting compensation for same. Plaintiff supports his assertion with citation to the interception warrants wherein the issuing judge ordered that "[a]nyone providing assistance pursuant to [the warrants] shall be compensated at the prevailing rates for the assistance provided." *See* Doc. 3, Exhs. B and C at ¶ 17. Plaintiff further contends that Sprint Nextel has sufficient contacts with the State of Ohio by way of its surreptitious involvement with local governments such that this Court has personal jurisdiction over it.

The unrefuted assertions set forth in the affidavits provided by Sprint Nextel make clear that Sprint Nextel's contacts with Ohio do not satisfy the Ohio long-arm statute or the requirements of the federal due process clause for the exercise of personal jurisdiction.

Sprint Nextel has submitted two affidavits from Stefan K. Schnopp, the Assistant Secretary for Sprint Communications, Inc. f/k/a Sprint Nextel Corporation. (Doc. 21, Ex. 1, Schnopp Aff.; Doc. 40, Ex. 1, Second Schnopp Aff.). Mr. Schnopp attests that Sprint Communications is primarily a holding company of securities with its principal place of business in Overland Park, Kansas, and that it has not conducted any business in Ohio, collected Ohio sales tax, filed Ohio tax returns, or pay any other taxes in Ohio. (Schnopp Aff, ¶¶ 4, 6). Mr.

Schnopp further attests that Sprint Communications does not: conduct any business in Ohio; have a registered agent in Ohio; have any offices or employees in Ohio; own or lease property in Ohio; or maintain any corporate records in Ohio.  (*Id.*, ¶¶ 5, 7).  Mr. Schnopp also declares that Sprint Communications does not have a subsidiary named "Sprint Inc."; that Sprint Spectrum L.P. and Nextel West Corporation exist as separate entities and not as one entity as alleged by plaintiff; and that there have never been any entities named "Sprint Spectrum L.P./Sprint Inc./Nextel West Corporation" or "Sprint Nextel West Corporation" as plaintiff alleges in his complaint and that "Sprint Communications does not have a subsidiary named Sprint Inc.  Sprint Inc. is a non-legal entity and, to the best of my information, knowledge, and belief, has never existed in any legal capacity."  (*Id.*, ¶ 8).  In his second affidavit proffered in connection with Sprint Nextel's reply brief, Mr. Schnopp attests that Sprint Communications has never and does not currently provide telecommunications services in Ohio or elsewhere; Sprint Communications has subsidiaries that provide telecommunications services, but these are separate and distinct entities from Sprint Communications; and the subsidiaries of Sprint Communications that provide telecommunications maintain books, accounts, and records separate and apart from those of Sprint Communications.  (Doc. 40, Ex. 1, ¶¶ 4-6, Second Schnopp Aff.).

Plaintiff has not proffered any evidence which refutes Mr. Schnopp's attestations. To the extent plaintiff argues that the Hamilton County Court of Common Pleas' order requiring that anyone providing assistance in obtaining the information described in the warrants be compensated at prevailing rates, this broad payment provision is not specific to Sprint Nextel nor does it speak to Sprint Nextel's form as a legal entity or its contacts with the State of Ohio.  This evidence therefore fails to contradict Sprint Nextel's supported assertions that this Court lacks personal jurisdiction over it.  Further, plaintiff's unsupported speculation that Sprint Nextel is

involved in surreptitious activity with the County and City Defendants is insufficient to establish personal jurisdiction. *See Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) ("in the face of a properly supported motion for dismissal [for lack of personal jurisdiction], the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.") (internal citation omitted). In the absence of any specific factual showing that this Court may properly exercise personal jurisdiction over Sprint Nextel or any Sprint entity identified in plaintiff's complaint, a finding of personal jurisdiction would not comport with the requirements of due process. *See Conn,* 667 F.3d at 712 (citing *Third Nat'l Bank v. WEDGE Group, Inc.,* 882 F.2d at 1089) (quoting *Int'l Shoe Co.,* 326 U.S. at 316) (plaintiff must put forth specific allegations demonstrating that the requirements for long-arm jurisdiction have been met under the Ohio statute or that Sprint Nextel had sufficient "minimum contacts" with Ohio such that a finding of personal jurisdiction does not "offend traditional notions of fair play and substantial justice."). The undersigned therefore finds that this Court lacks personal jurisdiction and that Sprint Nextel's Fed. R. Civ. P. 12(b)(2) motion to dismiss should be granted.

The Court further finds that Sprint Nextel's Fed. R. Civ. P. 12(b)(5) motion to dismiss is well-taken. Review of the docket in this matter establishes that plaintiff attempted to serve "Sprint Nextel Corporation at 6200 Sprint Parkway, Overland Park, KS 66251." (Doc. 28 at 1-2, United States Marshals Service Process Receipt and Return form and signed U.S. Post Certified Mail receipt). However, Mr. Schnopp's unrefuted attestations establish that there is no entity known as "Sprint Nextel Corporation" and that the entity located in Overland Park, Kansas is not Sprint Nextel Corporation but "Sprint Communications," a holding company. (Schnopp Aff., ¶¶ 4, 8). Given this uncontroverted affidavit evidence, the Court finds that plaintiff has failed to

meet his burden of establishing the valid service upon Sprint Nextel. *See Metro. Aloys Corp.*, 416 F. Supp.2d at 563. As plaintiff has failed to show that he has effected service of process on the proper Sprint entity, dismissal for insufficient service of process is appropriate.

The Court recognizes that plaintiff's inability to establish personal jurisdiction or effect proper service results from his failure to identify the proper Sprint entity in his complaint and his misplaced reliance on the interception warrants' identification of said entity as "Sprint Nextel Corporation." Plaintiff himself recognizes the deficiency of his pleading and seeks leave to amend his complaint to name the proper Sprint entity and effect proper service upon it. *See* Doc. 37 at 1.

Fed. R. Civ. P. 15 grants a court discretion to permit a plaintiff to file an amended complaint. Leave may be denied if the proposed amendment would be futile in as much as it would not withstand a motion to dismiss under Rule 12(b)(6). *See Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007).

Granting plaintiff leave to amend his complaint to identify the proper Sprint entity would be futile. Plaintiff's SCA, ECPA, and Omnibus Act claims against Sprint Nextel stem from its sharing of information related to plaintiff's mobile phone with the County and City Defendants pursuant to the interception warrants issued from the Hamilton County Court of Common Pleas. Because the electronic information provided to the City and County Defendants was disclosed pursuant to valid warrants, plaintiff cannot state a claim under the SCA, ECPA, or Omnibus Act against the disclosing Sprint entity. *See* 18 U.S.C. § 2703(a), (b); 18 U.S.C. § 2520(d). *See also Warshak*, 532 F.3d at 523; *Guest*, 255 F.3d at 339-40; *Kahn*, 415 U.S. at 162; *Sinclair*, 321 F. Supp. at 1077. Therefore, allowing plaintiff to amend his complaint would be futile regardless of

whether he is able to identify the Sprint entity that disclosed his mobile phone information to the City and County Defendants.

### IT IS THEREFORE RECOMMENDED THAT:

(1) The defendants' motions to dismiss (Docs. 20, 21, 25) be **GRANTED** and that plaintiff's claims under §1983, the SCA, the  ECPA, and the Omnibus Act be **DISMISSED** with prejudice;

(2) Plaintiff's state law claims be **DISMISSED** without prejudice; and

(3) The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


Date: 7/16/14

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CHARLES CHAPMAN,
    Plaintiff,

Case No. 1:13-cv-652

vs.

Barrett, J.
Litkovitz, M.J.

STEVEN LAWSON, *et al.*,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☑ Agent
☐ Addressee

B. Received by ( Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Charles Chapman #667-048
North Central Corr. Inst.
PO Box 1812
Marion, OH 43302

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)

7011 3500 0001 5345 5901

PS Form 3811, February 2004 | Domestic Return Receipt | 102595-02-M-1540