UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**CHARLES CHAPMAN,**　　　　　　　　　　　　Case No.: 1:13-CV-652

　　**Plaintiff,**　　　　　　　　　　　　　　　　Barrett, J.
　　　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.

　　v.

**STEPHAN LAWSON, et al.,**

　　**Defendants.**

## OPINION AND ORDER

This matter is before the Court on the July 16, 2014 Report and Recommendation of the Magistrate Judge.  (Doc. 45).  The Report recommends granting (1) the Motion to Dismiss of Hamilton County and the unnamed agents of the Hamilton County Regional Narcotics Unit and Organized Crime Division ("County Defendants") (Doc. 20); (2) the Motion to Dismiss of Agent Steven Lawson of the Cincinnati Police Department and the City of Cincinnati ("City Defendants") (Doc. 25); and (3) the Motion to Dismiss of Sprint Spectrum L.P./Sprint Inc./Nextel West Corporation ("Sprint") (Doc. 21).  It further recommends that the Court decline to exercise pendant jurisdiction over Plaintiff's state law claims.  Plaintiff has filed timely objections to the Report.  (Doc. 50).  The County Defendants have filed a response.  (Doc. 51).

**I.　　STANDARD FOR REVIEW OF OBJECTIONS**

When objections to a magistrate judge's report and recommendation are received on a non-dispositive matter, the district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.  Fed. R. Civ. P. 72. When objections to a magistrate judge's report and recommendation are received on a dispositive matter, however, the assigned district judge "must determine de novo any part of the magistrate

1

judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a plaintiff appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

II.  ANALYSIS

Plaintiff objects to the recommendations in the Report as to the federal claims addressed in all three motions to dismiss. Plaintiff does not raise any specific objections as to the recommendation that the Court decline to exercise pendent jurisdiction over the federal claims. Those objections as to the federal claims are addressed below.

A.  **The County Defendants' Motion to Dismiss**

The Report recommends dismissing Plaintiff's claims against the County Defendants for several reasons. First, it recommends dismissal of the § 1983 claim as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff makes a "fruit of the poisonous tree" argument insofar as he maintains the warrants lacked probable cause and were unlawfully acquired by the County Defendants and unlawfully provided by Sprint. (Doc. 45, PageId 264). Second, it recommends dismissal for failure to state claims under the SCA, ECPA, and the Omnibus Act because the information was disclosed to the County Defendants pursuant to warrants and court orders, and contains legal conclusions that are insufficient to state a plausible claim for relief. (Doc. 45, PageId 267-68). Third, it recommends dismissal of the allegations

2

that the County Defendants were engaged in unauthorized monitoring because the allegations are speculative, lack supporting factual allegations, and are barred by *Heck*. (Doc. 45, PageId 268-69). Finally, it recommends dismissal of the municipal liability claim for lack of factual content that would allow the Court to reasonably infer a violation and because a ruling in his favor would cast doubt on the legality of his conviction.

Plaintiff objects to those conclusions on several bases, which are discussed below.

1. Objections as to Recommendations on Constitutional Claims

Plaintiff objects to the recommendation that the constitutional claims brought under 42 U.S.C. § 1983 be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff contends that the Magistrate Judge misapplied the "fruit of the poisonous tree" doctrine because suppression is not a remedy for those claims and because the intercepted phone calls, text messages, and electronic information was not placed into evidence or used to convict Plaintiff in his criminal case so as to necessarily imply the invalidity of his conviction. (Doc. 50, PageId 289).

Having reviewed the issue de novo, the undersigned finds that Plaintiff's § 1983 claims based upon federal constitutional violations are barred by *Heck*. As the Magistrate Judge recognized, Plaintiff's § 1983 claim relies on his allegations that the affidavit underlying the interception warrants contained information obtained without the requisite court orders or warrants. To that end, the Magistrate Judge correctly recognized that Plaintiff essentially makes a "fruit of the poisonous tree" argument insofar as he maintains that the warrants lacked probable cause, and consequently, that the electronic information obtained pursuant to the warrants was unlawfully acquired by the County Defendants and unlawfully provided by Sprint Nextel. Given that the remedy of exclusion exists for federal constitutional violations, *see United States v.*

*Fisher*, No. 13-1623, 2014 U.S. App. LEXIS 4349, at *7 (6th Cir. Mar. 7, 2014) ("Evidence that has been obtained in violation of the Fourth Amendment may be subject to exclusion at trial."),[1] a finding in favor of Plaintiff in regards to those purported constitutional violations would necessarily cast doubt on his conviction and sentence in the Hamilton County Common Pleas Court for drug trafficking, which has not been reversed or otherwise invalidated. *See Heck*, 512 U.S. at 487; *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995).

Plaintiff's citation to the caselaw from the Seventh Circuit concerning an exception to *Heck* (Doc. 50, PageID 289) does not change the undersigned's conclusion in regards to the constitutional claims. The Magistrate Judge not only considered that argument by Plaintiff in the Report, but she also correctly rejected it (Doc. 45, PageID 266), explaining that the Sixth Circuit has held that "[t]he fact that a Fourth Amendment violation may not necessarily *cause* an illegal conviction does not lessen the requirement that a plaintiff show that a conviction was invalid as an element of *constitutional injury*." *Schilling*, 58 F.3d at 1086; *see also Bell v. Raby*, No. 99072917, 2000 WL 356354, at *6 (E.D. Mich. Feb. 28, 2000). Given that Plaintiff's Complaint demonstrates that his constitutional claims challenge the lawfulness of his conviction and sentence, which have not be overturned or invalidated, he has not alleged an element of his constitutional claims. Therefore, to the extent Plaintiff seeks to bring a cause of action under § 1983 attacking the validity of the searches and seizures of the electronic information leading to his arrest under the Fourth Amendment or the constitutionality of his conviction generally, his § 1983 claim is barred by *Heck*. The Report therefore is adopted in that respect.

    2. <u>Objections to Recommendations Relating to Statutory Claims and Unlawful Monitoring</u>

---

[1] Pursuant to 18 U.S.C. § 2708, the remedies provided in that chapter are the exclusive remedy for *non-constitutional* violations.

4

Plaintiff makes several objections to the recommendation that his statutory claims be dismissed. First, he claims that his claims are more than speculative because he specifically alleges that Agent Lawson "attests to querying mobile phone numbers on the 'public records and law enforcement databases' revealing phone association" and appears to claim that those databases "obviously" contain information on mobile phone associations obtained prior to an investigation, court order or warrant such that County Defendants must have violated those statutes. (Doc. 50, PageId 289-90). He contends that those facts also are supportive of a plausible claim for unauthorized monitoring. (Doc. 50, PageId 290-91). Second, Plaintiff contends that the Magistrate Judge failed to recognize that "there was never [a] warrant or court order, issued to Sprint" for the Sprint mobile number ending in the numbers 3359. (Doc. 50, PageID 289-90). Third, he contends that *Heck* is inapplicable to his "SCA and ECPA claims under his 42 U.S.C. § 1983 action" because "suppression of evidence is not a remedy recognized for a Title II violation of the ECPA" or a violation of the SCA. (Doc. 50, PageId 288).

Plaintiff's first objection appears to be directed towards 18 U.S.C. § 2703, which permits a governmental entity to compel a "provider of electronic communication service" or a "remote computing service" to provide subscriber names, addresses, telephone records, and other identifying information. 18 U.S.C. § 2703. The plain language of that provision does not indicate that the processes set forth in the statutory text are the exclusive means by which a governmental entity may obtain the information, nor does the provision limit a governmental entity's ability to obtain information that is otherwise readily available to the general public or to utilize information contained in its own databases. *See* 18 U.S.C. §§ 2510, 2703, 2711. To the extent that Plaintiff also intends to argue that the underlying information contained in the public records or the law enforcement databases was obtained in the first instance without the requisite

5

authorization or that defendants are engaged in covert monitoring, there is not a single fact that has been pled that plausibly would support such a conclusion in this case.[2] Conclusory and speculative allegations do not suffice. Moreover, his reference in his objections to other surveillance incidents that have no direct connection to this case do not permit a reasonable inference that any unlawful surveillance occurred in this instance in relation to Plaintiff. Plaintiff thus has failed to state a plausible claim on those grounds, and his objection is therefore overruled.

Plaintiff's second objection concerning the Sprint mobile number ending in 3359 also fails to survive scrutiny under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). The undersigned agrees with the conclusion in the Report (Doc. 45, PageId 267) that: "[t]o the extent plaintiff alleges that defendant unlawfully obtained his cell phone subscriber information, account information, and electronic tracking information 'absent probable cause, authorization, or warrant in violation of the SCA' (Doc. 3, ¶ 14), the complaint alleges legal conclusions that are insufficient to state a plausible claim for relief."[3] Plaintiff's arguments to the contrary are speculative.

Further, to the extent Plaintiff argues that real-time cell site information was obtained, that information does not fall within the scope of the SCA. *United States v. Powell*, 943 F. Supp. 2d 759, 77 (E.D. Mich. 2013) (stating that "statutory authority relevant to pen-register / trap-and-trace devices, stored communications, tracking devices, and wiretaps is not applicable to cell-phone tracking"). In any event, his allegations as to the unlawful obtainment of electronic

---

[2] It also is noted that the SCA states that a service provider may, among other things, "divulge a record or other information pertaining to a subscriber . . . to any person other than a governmental entity." 18 U.S.C. § 2702(c).

[3] The Report fully sets forth the standard of review for a Rule 12(b)(6) motion to dismiss, noting, among other things, that the claim must be plausible, which is a context-specific inquiry that requires the reviewing court to draw on judicial experience and common sense and which is a standard that goes beyond the mere possibility of misconduct. (Doc. 45, PageId 260-61) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

tracking information and his allegations in regards to other constitutional violations in relation to the SCA, ECPA, and Omnibus Act claims necessarily call into question the validity of his conviction and are barred by *Heck. See id.* at 775-77; *see also United States v. Fisher*, No. 13-1623, 2014 U.S. App. LEXIS 4349, at *7 (6th Cir. Mar. 7, 2014); *United States v. Skinner*, 690 F.3d 772 (6th Cir. 2012); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995).

Accordingly, the Report's recommendation on this issue shall be adopted, and Plaintiff's objection is overruled.

### 3. Objections as to Municipal Liability

Plaintiff objects to dismissal of the municipal liability claim against Hamilton County on the basis that he has "consistently maintained that it is the unlawful policy and practice of Defendant Hamilton County in its provision of the 'public records and law enforcement databases' utilized by employee sheriff's and unnamed agents." (Doc. 50, PageId 288).

Upon de novo review, the undersigned agrees with the Magistrate Judge that Plaintiff has still has failed to allege the factual content necessary to reasonably infer that the County violated his rights in this regard, and that the claim also would cast doubt on the validity of his conviction. The Magistrate Judge's recommendation therefore shall be adopted and the municipal liability claim against Hamilton County shall be dismissed.

### B. The City Defendants' Motion to Dismiss

The Report recommends dismissing Plaintiff's claims against the City Defendants for several reasons. First, it recommends dismissal of the § 1983 constitutional and municipal liability claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because any finding in Plaintiff's favor would require a concomitant determination that his arrest and conviction were

7

unlawful. (Doc. 45, PageId 271). Second, it recommends dismissal for failure to state claims under the SCA, ECPA, and the Omnibus Act for the same reasons described with respect to the County Defendants and because Plaintiff's allegations concerning Agent Lawson's violation of the SCA in regards to Plaintiff's text message communications with Charlie Bennett are speculative. (Doc. 45, PageId 271). Third, it recommends dismissal of the allegations that the County Defendants were engaged in unauthorized monitoring because the allegations are speculative, lack supporting factual allegations, and are barred by *Heck*. (Doc. 45, PageId 268-69). Finally, it recommends that the undersigned decline to exercise supplemental jurisdiction over Plaintiff's state law claims against the City Defendants. (Doc. 45, PageId 273).

Plaintiff objects to those conclusions on several bases, which are discussed below.

1. Objections as to Recommendations on Constitutional Claims

Plaintiff objects to the recommendation that the constitutional claims be dismissed as barred by *Heck* for the same reasons as set forth above in regards to the County Defendants. For the same reasons discussed *supra* in regards to the County Defendants, the undersigned finds that Plaintiff's § 1983 claims against the City Defendants based upon federal constitutional violations are barred by *Heck*.

2. Objections to Recommendations relating to Statutory Claims and Unlawful Monitoring

Plaintiff does not make any objections specific to the Magistrate Judge's recommendations that Plaintiff's SCA, ECPA, and Omnibus Act claims against the City Defendants be dismissed. Construing the objections liberally, the undersigned infers that Plaintiff intended to assert the same objections as he did above with respect to the County Defendants. For the reasons discussed *supra* with respect to the County Defendants, those claims shall be dismissed.

8

3. Objections as to municipal liability

Plaintiff does not specifically address the issue of municipal liability for the City. Assuming he intended to make the same argument with respect to the City that he did for Hamilton County, that argument is not well taken for the same reasons discussed *supra* with respect to Hamilton County. Any municipal liability claim against the City shall therefore be dismissed.

C. **Sprint's Motion to Dismiss**

The Report recommends dismissing Plaintiff's claims against Sprint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5). The Report further recommends denying Plaintiff leave to amend the Complaint to identify the proper "Sprint" entity. Plaintiff objects to those recommendations.

1. Objections to Rule 12(b)(2) dismissal

The Report recommends dismissal under Rule 12(b)(2) for lack of personal jurisdiction because the unrefuted assertions in the affidavits provided by Sprint Nextel indicate that its contacts with Ohio do not satisfy the Ohio long-arm statute or the requirements of the federal due process clause. In his objections, Plaintiff cites to *Datascape, Inc. v. Sprint Nextel Corp.*, No. 1:07-cv-640, 2008 U.S. Dist. LEXIS 124238, at *23 (N.D. Ga. Sept. 29, 2008), to show that the court recognized that Sprint Nextel appears to be more than a holding company. He further argues that the undersigned should find that certain unidentified statements of Mr. Schnopp to be contradictory such that Plaintiff makes the requisite *prima facie* showing of personal jurisdiction.

Upon de novo review, the Court agrees with the analysis of the Magistrate Judge. Plaintiff's objections do nothing to alter the conclusion that Sprint Communications has shown it is a holding company and does not have the requisite contacts with Ohio to fall under the Ohio long-arm statute, Ohio Rev. Code 2307.382(A)(1), or have the minimum contacts with Ohio to

satisfy due process. The Magistrate Judge directly addressed *Datascape* in its Report, noting that no personal jurisdiction was found in that case even though it operated a website. (Doc.45, PageID 274). Moreover, the undersigned's review of Mr. Schnopp's affidavit does not reveal it to be contradictory so as to undercut the finding of the Magistrate Judge. Plaintiff has not set forth any other specific facts that would allow the undersigned to conclude he has met his burden of showing personal jurisdiction. As such, the undersigned agrees with and adopts the Report's recommendation that the claim against Sprint be dismissed for lack of personal jurisdiction over Sprint.

2. Objections to Rule 12(b)(5) dismissal

The Report recommends dismissal under Rule 12(b)(5) for insufficient service of process because Plaintiff attempted to serve "Sprint Nextel Corporation" at 6200 Sprint Parkway, Overland Park, KS 66251, but the unrefuted affidavit of Mr. Schnopp established that "Sprint Nextel Corporation" n/k/a "Sprint Communications, Inc." is a holding company, and is separate from the entities named as Defendants in this matter. (Doc. 50, PageId 292-93). In his objections, Plaintiff points out that Mr. Schnopp's affidavit indicates that Sprint Nextel Corporation is not the entity located at 6200 Sprint Parkway, Overland Park, KS 66251, but is "Sprint Communications, Inc. f/k/a/ Spring Nextel Corporation." He argues that a simple name change does not show they are not the same entity operating at the Kansas address. Plaintiff states that for this reason his claims against Sprint Nextel should not be dismissed, and he should be granted leave to amend.

Upon de novo review, the undersigned agrees that the service of process on named Defendants Sprint Spectrum, L.P./Sprint Inc./Nextel West Corporation was insufficient. While those three Defendants are named in the Complaint, Plaintiff has served only "Sprint Nextel

10

Corporation" n/k/a "Sprint Communications," which is a holding company. That service does not equate to service on the named Defendants. While the undersigned recognizes the confusion over the issue, proper service must be effected on the proper Sprint entity. While Plaintiff claims that he will be able to do so by amending the Complaint, the Magistrate Judge recommended denying his request to amend the Complaint, as discussed below.

### 3. Objections as to leave to amend

The Report recommends denying Plaintiff leave to amend his Complaint to identify the proper Sprint entity on the basis that any amendment would be futile. (Doc. 45, PageId 278). The Report indicates that Plaintiff's SCA, ECPA, and Omnibus Act claims against Sprint stem from its sharing of information related to Plaintiff's mobile phones with Hamilton County and the County Defendants, and that because the information was disclosed pursuant to valid warrants, Plaintiff cannot state a claim for relief against Sprint. (Id.). In his objections, Plaintiff argues, as he did for the County Defendants, that he has raised a plausible claim that the records were obtained without a court order or warrant and in violation of the SCA, ECPA, and Omnibus Act. (Doc. 50, PageId 292-93).

As discussed previously, Plaintiff has not stated a plausible claim against the County or the City Defendants in regards to the SCA, ECPA, or the Omnibus Act. For those same reasons, Plaintiff has not stated a plausible claim against the Sprint entities for disclosing the information at issue under those statutes. It is further noted in regards to Plaintiff's arguments concerning the disclosure of records by Sprint to third parties that under 18 U.S.C. § 2702, a provider is not entirely prohibited from disclosing a record or other information relating to a subscriber to or customer of a service that does not contain the content of a communication. Indeed, 18 U.S.C. § 2702 sets forth when such information may be disclosed. For example, it may disclose such

information about a subscriber or customer "to any person other than a governmental entity." 18 U.S.C. § 2702(c)(6).  Accordingly, the undersigned agrees with the Report's recommendation that Plaintiff be denied leave to amend.

### III. CONCLUSION

Consistent with the foregoing, Plaintiff's Objections (Doc. 50) are **OVERRULED** and the Magistrate Judge's Report (Doc. 45) is **ADOPTED**.  It is hereby **ORDERED** that:

1. Defendants' motions to dismiss (Doc. 20, 21, 25) are GRANTED, and Plaintiff's claims under § 1983, the SCA, the ECPA, and the Omnibus Act are DISMISSED with prejudice.

2. Plaintiff's state law claims are DISMISSED without prejudice.

3. Plaintiff's Motion to Stay Pending Disposition of State Appeal Regarding Public Records Request pursuant to O.R.C. § 149.43 (Doc. 52) is DENIED.

4. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons and the reasons set forth in the Report that an appeal of this Order would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED**.

    s/Michael R. Barrett
    JUDGE MICHAEL R. BARRETT
    UNITED STATES DISTRICT COURT